## HULL *vs.* TOMMY.

*The damages rendered for a frivolous appeal, held to be excessive under the circumstances of this case.*

Assumpsit, in Muscogee Superior Court.   Decision by Judge WORRILL, at November Term, 1859.

Tommy sued Hull on a promissory note for $3,300 00, to which suit Hull entered an appearance and informed his counsel of his defense to said action.

At the common law trial, plaintiff had a verdict for the amount of the note with interest and cost.   Hull appealed and the cause coming up for trial, no counsel appeared or was present, for Hull, and counsel for plaintiff submitted his note to the jury, and claimed damages for a frivolous appeal. The jury, under the charge of the Court, found for the plaintiff the sum of $3,300 00, principal with interest and cost, and twenty per cent. on the principal sum as damages for a frivolous appeal.

Defendant, afterwards and during the same term of the Court, moved to set aside the verdict, and for a new trial, on the grounds that he had employed counsel who were absent at the time the case was called on the appeal, but which absence was without his consent or fault; that he had informed his counsel of his defense, and relied entirely upon them to conduct it, and to attend to the case; and, further, that plaintiff had found no special damage sustained by reason of said appeal, etc.

R. J. Moses, of the firm of Moses & Lawes, made affidavit that his firm had been employed by Mr. Hull to appear and defend said action; that they were advised of Mr. Hull's defense and thought it good, to the extent of two or three hundred dollars.   Don't remember how, or under what circumstances the verdict at common law was rendered; advised an appeal.   If present when the case was called on the appeal, did not hear it.   Was probably absent, as it is impossible for an attorney during the five or six weeks that the Court usually sits in Muscogee county, to be present all the time, without a great neglect and sacrifice of other business and interests.

The Court, after argument, refused the motion to open and set aside the verdict and judgment, and counsel for defendant excepted.

R. J. MOSES, for the plaintiff in error.

R. W. NEWTON, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

This appellant was absent, and his counsel was absent, when the case was tried, though generally present during the long sitting of the Court in that county.   It is not the case of a party in Court refusing to prosecute his appeal, or by prosecuting it exposing its frivolousness.   The most the jury knew was, that he had *failed* to prosecute it.   The failure might have been caused by accident or even by distressing sudden calamity, or by forgetfulness, or by negligence, and not by a consciousness of having no defense.   The case did not address itself to the jury as calling for punitory damages, and the actual damage resulting from the delay of a single term could not have been any approximation to the 20 per cent., which the jury found.   They went almost to the extremest limit of the law for the most aggravated case, and yet no especial damage was shown ; the interest on the note was all the while accumulating, and the delay had been only six months.   Under these circumstances, we think, the damages awarded were excessive.

Judgment reversed.